11-4071
Sudakova v. Holder

BIA
Laforest, IJ
A089 254 194
A089 254 228

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

INNA SUDAKOVA, YULIA NIKOLAENKO,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-4071
NAC

---

FOR PETITIONERS:      Amanda E. Gray, Kerry W. Bretz,
                      Jules E. Coven, Bretz & Coven, LLP,
                      New York, N.Y.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; John S. Hogan,

**Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Inna Sudakova and Yulia Nikolaenko, natives of the former Union of Soviet Socialist Republics and citizens of Russia profess a fear of persecution if returned to Russia based on the fact that they are lesbians. The women now seek review of a September 16, 2011, decision of the BIA reversing, in part, the July 20, 2009, decision of Immigration Judge ("IJ") Brigitte Laforest granting their application for asylum and withholding of removal, and remanding proceedings to the IJ. *In re Inna Sudakova, Yulia Nikolaenko*, Nos. A089 254 194/228 (B.I.A. Sept. 16, 2011), *rev'g* Nos. A089 254 194/228 (Immig. Ct. N.Y. City July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the decision of the BIA. *See Yan Chen v. Gonzales*, 417

2

F.3d 268, 271 (2d Cir. 2005).  While Petitioners' premature petition for review has now ripened into a valid petition for review, *see Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010), 8 U.S.C. § 1158(a)(3) denies courts jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 323-24 (2d Cir. 2006).

Here, the IJ concluded that Petitioners had established changed circumstances excusing the untimeliness of their asylum applications because a good friend of theirs in Russia, who is also a lesbian, was so severely attacked that she spent three days in a coma, and it was the severity of that attack which led Petitioners to conclude that the adverse conditions confronting homosexuals in Russia would not change, and that they needed to seek asylum in the United States.  The BIA reversed, concluding that because Petitioners had already experienced attacks in Russia based

3

on their sexual orientation before they entered the United States in 2006, and because their friend had also previously been attacked, Petitioners "made no showing of changed country conditions in Russia as to the treatment of homosexuals."

To the extent Petitioners fault the BIA for failing to consider whether they had the requisite subjective fear prior to the attack on their friend, and whether the attack was more serious than the prior ones experiences, they are challenging factual determinations over which we lack jurisdiction.  *See* 8 U.S.C. § 1158(a)(2)(B), (D); *Xiao Ji Chen*, 471 F.3d at 329.

Petitioners assert that if the IJ's changed circumstances determination was factual, then the BIA's review should have been limited to clear error, making its *de novo* review a legal error.  Whether an applicant has established changed circumstances that materially affect her eligibility for asylum, *see* 8 U.S.C. § 1158(a)(2)(D), is a mixed question of law and fact, in which the IJ's identification of the circumstances at issue is a factual determination, reviewable by the BIA only for clear error, but its conclusion that the identified circumstances

4

constituted a change materially affecting the applicant's eligibility for asylum is a legal determination that the BIA may review *de novo*. *See Xiao Ji Chen*, 471 F.3d at 323; *Matter of A-S-B-*, 24 I. & N. Dec. 493, 496 (BIA 2008).

Here, the BIA did not improperly engage in *de novo* review. Rather, accepting the facts regarding the "triggering event," *i.e.*, the attack on Petitioners' friend, as found by the IJ, the BIA concluded, as a matter of law, that the event did not materially affect Petitioners' eligibility for asylum. *See* 8 U.S.C. § 1158(a)(2)(D).

Although a changed circumstances determination is in part legal, not every petition for review of the agency's decision regarding changed circumstances necessarily raises a question of law that allows us to exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). "[N]ot all legal claims are included within the phrase 'questions of law[]'" and to use "the broadest meaning of 'questions of law' would bring within [the Court's] jurisdiction certain kinds of claims that the INA otherwise remove[d]." *Xiao Ji Chen*, 471 F.3d at 325. Petitioners here assert that the BIA misapplied the law in concluding that they could not "establish changed circumstances because they were previously attacked in Russia based on sexual orientation."

5

We do not construe this as a categorical pronouncement of law, but rather as an assessment of the sufficiency of the "changed circumstances" in this case. Thus, although Petitioners assert that the BIA "misapplied the law," their argument really challenges only the correctness of the BIA's materiality conclusion, which does not raise a question of law over which we have jurisdiction. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen*, 471 F.3d at 329.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court